UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CINDY RAYMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 07-155-B-W |
| | ) | |
| LANE CONSTRUCTION | ) | |
| COROATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO STRIKE
JURY DEMAND**

Counsel for plaintiff disregards Federal Rule of Civil Procedure 81(c) with what has become alarming frequency.  The rule could not be clearer. A state court plaintiff has 10 days after the petition for removal is filed with this court to make a jury trial demand.  Plaintiff's counsel has been down this road before.  See Pastula v. The Lane Constr. Corp., Civ. No. 05-133-B-W, 2006 WL 462350, 2006 U.S. Dist. LEXIS 6948 (D. Me. Feb. 23, 2006) (Order on Jury Demand) and Spinney v. Lane Constr. Corp., Civ. No. 07-154-B-W (Doc. No. 10—pending motion to strike jury demand).   In the Pastula case I refused to move a case to the jury trial list in response to a request made five and one half months into the discovery period because I felt such a change was unfair to the defendant.

That being said, in this case Lane has suffered no real prejudice.  Discovery has not even commenced and in this sense this case is clearly distinguishable from Pastula.  In my view it is unduly harsh to hold this *plaintiff* to a knowing waiver of her statutory right to jury trial.  If plaintiff's counsel had moved to file a late request because of excusable neglect I  would have granted it in these circumstances.  In this particular case, with the motion to remand still pending,

even in the face of the legal authority cited by defendant, I can find such excusable neglect. However, when plaintiff's counsel submits a memorandum to this court stating I should disregard the tardy filing because "it was only very slightly tardy" (Pl.'s Mem. at 2), and fails to even file a motion to allow the late filing, I am troubled. Nevertheless, I will exercise my discretion to **DENY** the motion to strike the jury demand because I am appreciative of the rights of the plaintiff and because of the absence of prejudice. (Doc. No. 11). However, counsel for the plaintiff should consider this a final warning. Should this problem arise again I will likely consider monetary sanctions or some other remedy to be necessary to make the message clear.

<u>**CERTIFICATE**</u>

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

***So Ordered.***

November 7, 2007                    /s/ Margaret J. Kravchuk
                                    U.S. Magistrate Judge